IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN LEEWRIGHT,

    Plaintiff,

vs.                                                        Civ. No. 00-1560 JP/RLP

GARY JOHNSON, Governor of New Mexico,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROBERT J. PERRY, Secretary of Corrections,
JOHN SHANKS, Director of Adult Prisons,
JERRY TAFOYA, Deputy Corrections Secretary,
JEFF SERNA, Interstate Compact Coordinator,

and

WACKENHUT CORPORATIONS CORPORATION,
ELOY MONDRAGON, Former Warden,
RALPH LUCERO, Security Chief,

and

RONALD ANGELONE, Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
WARDEN HARVEY, Wallens Ridge State Prison Associate Warden,
C.O. COCHRANE, C.O. NECESSARY, and C.O. JOHN DOES,

and

TRANSCOR AMERICA, INC., a Tennessee Corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL OF CERTAIN CLAIMS**

    On March 29, 2001, Defendants Ronald Angelone, Stanley K. Young, Warden Harvey,

C.O. Cochrane, C.O. Necessary, and unnamed correction officers  (collectively identified as the

"Virginia Defendants") filed a motion to dismiss (Doc. No. 29) under, inter alia, Federal Rule of Civil Procedure 12(b)(2).

Virginia Defendants' motion to dismiss will be granted for two reasons.  First, five months have passed since Virginia Defendants served their motion on Plaintiff.  During this time Plaintiff has not responded to Defendant's motion.  Plaintiff's inaction "constitutes consent to grant the motion" under D.N.M. L.R.-Civ. 7.5 (b).

Second, Plaintiff "has the burden of pleading and proving the existence of facts supporting his invocation of the jurisdiction of the court."  Yarbrough v. Elmer Bunker & Associates, 669 F.2d 614, 616 (10th Cir. 1982).  To establish personal jurisdiction over the Virginia Defendants, Plaintiff must demonstrate facts that satisfy both New Mexico's long-arm statute, NMSA 1978, § 38-1-16 (1971), and "constitutional requirements of due process."  Id.

Under Section 38-1-16, a defendant submits himself to the jurisdiction of New Mexico's courts by

> (1) transacting "any business within the state;"
> (2) operating "a motor vehicle upon the highways of this state;"
> (3) committing "a tortious act within the state;"
> (4) contracting to insure any person, property or risk located within the state at the time of contracting; or
> (5) "living in [a] marital relationship within the state, notwithstanding subsequent departure from the state."

Plaintiff has neither pleaded nor demonstrated that the Virginia Defendants' conduct fell within the terms of the long-arm statute of New Mexico.  From a constitutional perspective, Plaintiff has not alleged or shown that the Virginia Defendants had sufficient contacts with New Mexico such that they "should reasonably anticipate being haled into court" here.  World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).  In sum, Plaintiff has failed to meet his burden of

pleading or proving the existence of facts that would allow the Court to exercise personal jurisdiction over the Virginia Defendants.

IT IS THEREFORE ORDERED that the motion for dismissal (Doc. No. 29) is GRANTED and Plaintiff's claims against the Virginia Defendants are DISMISSED WITHOUT PREJUDICE.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**