IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN LEEWRIGHT,

    Plaintiff,

vs.                               No. CIV 00-1560 JP/RLP

GARY JOHNSON, Governor of New Mexico,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROBERT J. PERRY, Secretary of Corrections,
JOHN SHANKS, Director of Adult Prisons,
JERRY TAFOYA, Deputy Corrections Secretary,
JEFF SERNA, Interstate Compact Coordinator,

and

WACKENHUT CORRECTIONS CORPORATION,
ELOY MONDRAGON, Former Warden,
RALPH LUCERO, Security Chief,

and

RONALD ANGELONE, Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
WARDEN HARVEY, Wallens Ridge State Prison Associate
Warden, C.O. COCHRANE, C.O. NECESSARY, and
C.O. JOHN DOES,

    Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL OF CERTAIN CLAIMS**

On August 24, 2001, Defendants Gary Johnson, Governor of New Mexico, New Mexico Department of Corrections, Robert J. Perry, Secretary of Corrections, John Shanks, Director of Adult Prisons, Jerry Tafoya, Deputy Corrections Secretary and Jeff Serna, Interstate Compact Coordinator, served on counsel for Plaintiff, by mailing, the following:

- State of New Mexico Defendants' Motion to Dismiss No. 1: Official Capacity, Fourteenth Amendment Equal Protection, and Punitive Damages Claims (Doc. No. 32);

- Memorandum in Support of State of New Mexico Defendants' Motion to Dismiss No. 1: Official Capacity, Fourteenth Amendment Equal Protection, and Punitive Damages Claims (Doc. No. 33);

- State of New Mexico Defendants' Motion to Dismiss No. II:  Fourteenth Amendment Due Process Claims Based on Leewright's Placement at Guadalupe County Correctional Facility, Transfer to Wallens Ridge State Prison, and Assignment into Administrative Segregation (Doc. No. 34);

- Memorandum in Support of State of New Mexico Defendants' Motion to Dismiss No. II: Fourteenth Amendment Due Process Claims Based on Leewright's Placement at Guadalupe County Correctional Facility, Transfer to Wallens Ridge State Prison, and Assignment into Administrative Segregation (Doc. No. 35);

- State of New Mexico Defendants' Motion to Dismiss to Dismiss No. III:  Eighth Amendment Conditions of Confinement, Failure to Protect, and Failure to Provide Medical Care Causes of Action (Doc. No. 36);

- Memorandum in Support of  State of New Mexico Defendants' Motion to Dismiss to Dismiss No. III:  Eighth Amendment Conditions of Confinement, Failure to Protect, and Failure to Provide Medical Care Causes of Action (Doc. No. 37);

- State of New Mexico Defendants' Motion to Dismiss No. IV:  Sections 1983, 1985, and 1986 Conspiracy and Fourth Amendment Claims (Doc. No. 38);

- Memorandum in Support of State of New Mexico Defendants' Motion to Dismiss No. IV:  Sections 1983, 1985, and 1986 Conspiracy and Fourth Amendment Claims (Doc. No. 39);

- State of New Mexico Defendants' Motion to Dismiss No. V:  State Constitutional and Intentional Infliction of Emotional Distress Claims (Doc. No. 40);

- Memorandum in Support of State of New Mexico Defendants' Motion to Dismiss No. V:  State Constitutional and Intentional Infliction of Emotional Distress Claims (Doc. No. 41).

Plaintiff did not respond to any of these motions within the time permitted by the rules of this Court. D.N.M.LR-Civ. 7.6(a).  Subsequently, by letter dated September 11, 2001 addressed to counsel for the Plaintiff, the attorney for the State of New Mexico Defendants advised that he expected to receive the Plaintiff's responses to the motions and that if they were not received by September 20, 2001, the attorney for the State of New Mexico Defendants would proceed to file the motions without the Plaintiff's responses.  The five motions described above were filed September 26, 2001.  Plaintiff has never filed or served a response to any of the motions.

The State of New Mexico Defendants' Motions to Dismiss described above will be granted for two reasons.  First, the State of New Mexico Defendants demonstrated in the motions and in the supporting memoranda that Plaintiff has failed to state a claim upon which relief can be granted; hence, the State of New

Mexico Defendants' Motions to Dismiss No. I, No. II, No. III, No. IV and No. V should be granted on their merits under FED. R. CIV. P. 12(b)(6). Second, the Plaintiff has never responded to any of the motions and Plaintiff's failure to respond "constitutes consent to grant the motion" under D.N.M.LR-Civ. 7.5(b).

IT IS THEREFORE ORDERED THAT the following motions are granted on their merits as well as by reason of the Plaintiff's deemed consent to the granting the motions:

- State of New Mexico Defendants' Motion to Dismiss No. 1: Official Capacity, Fourteenth Amendment Equal Protection, and Punitive Damages Claims (Doc. No. 32);

- State of New Mexico Defendants' Motion to Dismiss No. II: Fourteenth Amendment Due Process Claims Based on Leewright's Placement at Guadalupe County Correctional Facility, Transfer to Wallens Ridge State Prison, and Assignment into Administrative Segregation (Doc. No. 34);

- State of New Mexico Defendants' Motion to Dismiss to Dismiss No. III: Eighth Amendment Conditions of Confinement, Failure to Protect, and Failure to Provide Medical Care Causes of Action (Doc. No. 36);

- State of New Mexico Defendants' Motion to Dismiss No. IV: Sections 1983, 1985, and 1986 Conspiracy and Fourth Amendment Claims (Doc. No. 38);

- State of New Mexico Defendants' Motion to Dismiss No. V: State Constitutional and Intentional Infliction of Emotional Distress Claims (Doc. No. 40).

IT IS FURTHER ORDERED THAT all of the claims of Plaintiff Steven Leewright against Defendants Gary Johnson, Governor of New Mexico, New Mexico Department of Corrections, Robert J. Perry, Secretary of Corrections, John Shanks, Director of Adult Prisons, Jerry Tafoya, Deputy Corrections Secretary, and Jeff Serna, Interstate Compact Coordinator, will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE