# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STEVEN LEEWRIGHT,

    Plaintiff,

vs.                       No. CV 00-1560 JP/RLP

GARY JOHNSON, Governor of New Mexico,
NEW MEXICO DEPARTMENT OF CORRECTIONS,
ROBERT J. PERRY, Secretary of Corrections,
JOHN SHANKS, Director of Adult Prisons,
JERRY TAFOYA, Deputy Corrections Secretary,
JEFF SERNA, Interstate Compact Coordinator,

and

WACKENHUT CORRECTIONS CORPORATION,
ELOY MONDRAGON, Former Warden,
RALPH LUCERO, Security Chief,

and

RONALD ANGELONE, Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
WARDEN HARVEY, Wallens Ridge State Prison Associate
Warden, C.O. COCHRANE, C.O. NECESSARY,
and C.O. JOHN DOES,

and

TRANSCOR AMERICA, INC., a Tennessee Corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

  On December 17, 2001, Defendant TransCor America, Inc. (TransCor), allegedly properly named as TransCor America LLC, filed a motion to dismiss (Doc. No. 45) under Federal Rule of Civil Procedure 12(b)(6). The Court, having read the briefs and considered the applicable law, concludes that the motion should be partially denied and partially granted.

## I. STANDARD OF REVIEW

Granting a motion to dismiss for failure to state a claim "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 586-87 (10th Cir. 1994) (internal quotations omitted). When ruling on a Rule 12(b)(6) motion, a court must construe the plaintiff's complaint liberally and all well-pleaded allegations in the complaint must be accepted as true. Albright v. Oliver, 510 U.S. 266, 268 (1994); Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 510 (10th Cir. 1998). While "all reasonable inferences must be indulged in favor of the plaintiff," conclusory allegations need not be taken as true. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984); Tonkovich, 159 F.3d at 510. A claim may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## II. DISCUSSION

Plaintiff's seven-count complaint for violations of federal and state constitutional, civil, and statutory rights partially arises from his transfer, while a New Mexico minimum security state inmate, to and from a Virginia supermax prison.[1] Plaintiff's claims against Defendant TransCor specifically arise from Plaintiff's return transport to New Mexico commencing on or about November 11, 1999, and ending on or about November 13, 1999. The transfer was accomplished via a transit van owned and operated by Defendant TransCor. The transfer took more than 72 hours to complete. As part of Defendant TransCor's alleged policy and practice, before leaving the Virginia prison and being placed in the van, Plaintiff was shackled with leg shackles and handcuffed with a lock-box over the handcuffs. The lock-box was attached to the shackles with a belly chain. Plaintiff was restrained in this manner throughout the entire three-day

---

[1] Plaintiff's claims against the New Mexico Defendants have been dismissed with prejudice. Plaintiff's claims against Defendant Eloy Mondragon, Defendant Ralph Lucero, and the Virginia Defendants have been dismissed without prejudice.

2

trip. The restraints completely restricted Plaintiff's movement and caused him great strain, severe discomfort, and pain. Eating, physical activity, and movement were extremely painful. Defendant TransCor asserts in its motion to dismiss that Plaintiff's factual allegations fail to support any claim for relief against it.

**A. Count 1 and Counts 4 through 7**

Defendant TransCor contends that Counts 4 (violation of interstate compact), 5 (supervisory and management liability), 6 (conspiracy), and 7 (intentional infliction of emotional distress and claim for exemplary and punitive damages) of Plaintiff's Complaint are, inter alia, silent as to Defendant TransCor. Plaintiff responds that he "states claims against TransCor" in Counts 2 and 3 of his complaint and that Defendant TransCor additionally "may be implicated with respect to" Plaintiff's claims in Counts 1, 4, 5, 6, and 7. Pl.'s Opp'n to Def. TransCor's Mot. to Dismiss at 3. Counts 1 (violations of the right to due process), 4, 5, 6, and 7 explicitly are directed at or name other Defendants. To read these counts as asserting claims against Defendant TransCor would require more than the making of reasonable inferences in Plaintiff's favor.[2] Therefore, these counts will be dismissed as to Defendant TransCor for failure to state a claim.

**B. Count 3**

In Count 3 (violations of the right to be free of unreasonable searches and seizures), Plaintiff alleges that during his return transfer to New Mexico, Defendant TransCor physically restrained him in chains, handcuffs, and shackles for the purpose of inflicting pain and psychological damage and without any penological justification, in violation of the Fourth Amendment of the United States Constitution, 42

---

[2] The Court's conclusion renders moot Defendant TransCor's argument that Plaintiff has failed to state a claim as to Count 7 because Defendant TransCor is a "law enforcement officer" for purposes of the New Mexico Tort Claims Act and thus immune from suit. The Court notes, however, that Giron provides contrary support. Giron, 14 F.Supp.2d at 1249, 1251-52 (private correction officer, although acting under color of state law, not "public employee" within meaning of New Mexico Tort Claims Act and not immune).

U.S.C. § 1983, and Article II, Section 10, of the New Mexico Constitution. Defendant TransCor argues that Count 3 should be dismissed as to it because Plaintiff has failed to satisfy the state actor requirement for Fourth Amendment/§ 1983 claims. Furthermore, Defendant TransCor contends that the restraint of a prisoner during transport does not implicate Fourth Amendment concerns, as such restraint is a constitutionally valid security measure and not a "seizure" within the meaning of the Fourth Amendment.

Defendant TransCor's arguments regarding state action are without merit. Defendant TransCor's private entity status does not automatically preclude it from being considered a state actor under § 1983 (and the Fourth Amendment). Richardson v. McKnight, 521 U.S. 399, 403, 412 (1997); Giron v. Corrections Corp. of Amer., 14 F.Supp.2d 1245, 1249-51 (D.N.M. 1998); see Gwynn v. TransCor Amer., Inc., 26 F.Supp.2d 1256, 1262 (D.Colo. 1998) (alleged actions of TransCor employees during prisoner transport constituted state action). Additionally, although Plaintiff failed to make an explicit allegation that Defendant TransCor acted under the color of law to provide New Mexico with prisoner transport services, this allegation may be inferred from Plaintiff's allegations that Defendant TransCor transported Plaintiff in restraints from Virginia to New Mexico. Defendant TransCor had the power to keep Plaintiff in restraints, to transport him from Virginia to New Mexico, and to have its employees exercise dominion over Plaintiff only because it possessed state authority to do so. West v. Atkins, 487 U.S. 42, 49 (1988); Giron, 14 F.Supp.2d at 1248-51.[3]

Fourth Amendment protections, which apply against the States by virtue of the Due Process Clause of the Fourteenth Amendment, are extremely limited in the prison setting. See Dunn v. White, 880 F.2d 1188, 1191 (10th Cir. 1989); see also Hudson v. Palmer, 468 U.S. 517, 526, 528 n.8 (1984) (Fourth Amendment search and seizure strictures do not apply within confines of prison cell). Cf. Albright, 510

---

[3] Defendant TransCor's argument that it possessed a penological interest in Plaintiff's security further supports the conclusion that Defendant TransCor acted under color of state law. Generally, it is the State which possesses penological interests. See Giron, 14 F.Supp.2d at 1248-51. Consequently, it can be reasonably inferred that Defendant TransCor's alleged acts constitute "state action."

4

U.S. at 274 (Fourth Amendment drafted to protect against pretrial liberty deprivations).[4] Therefore, while a Fourth Amendment seizure includes "governmental termination of freedom of movement through means intentionally applied," County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998) (emphasis and internal quotation marks omitted), and while the use of restraints on non-prisoners can be an unreasonable seizure in violation of the Fourth Amendment, Stuart v. Jackson, Nos. 00-1295, 00-1307, __ F.3d __, 2001 WL 1600722 at *5 (10th Cir. Dec. 17, 2001) (unpublished disposition) (handcuffing of plaintiffs by law enforcement officers during consensual search of residence was unreasonable Fourth Amendment seizure), the Court found no legal support for the proposition that use of physical restraints on prison inmates constitutes a seizure within the meaning of the Fourth Amendment. See Malik v. Kindt, No. 95-6057, 76 F.3d 393, 1996 WL 41828 at *3 (10th Cir. Feb. 2, 1996) (unpublished disposition) (Fourth Amendment principles apply to personal body search of prisoner, but no case law cited that use of handcuffs on prisoner constitutes Fourth Amendment seizure). Cf. Helling v. McKinney, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."); Adkins v. Rodriguez, 59 F.3d 1034, 1037 (10th Cir. 1995) (same). Plaintiff has failed to state a Fourth Amendment claim as to Defendant TransCor.

In Count 3 of his complaint, Plaintiff also raises a claim under Article II, Section 10 of the New Mexico Constitution (prohibiting unreasonable searches and seizures). Although Defendant TransCor contends that Count 3 should be dismissed as to it, it did not specifically brief the Article II Section 10

---

[4] The Supreme Court has justified the disparity in constitutional protections afforded convicted prisoners as follows: "There is no iron curtain drawn between the Constitution and the prisons of this country. . . . But our cases also have insisted on a second proposition: simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Bell v. Wolfish, 441 U.S. 520, 545-46 (1979) (internal quotation marks omitted). Cf. U.S. v. Knights, __ U.S. __, __, 122 S.Ct. 587, 591 (2001) (probationers lose "some freedoms enjoyed by law-abiding citizens," including full Fourth Amendment protections).

issue.  Under New Mexico law, if a federal constitutional protection is inapplicable, the state constitution must be examined.  New Mexico v. Gomez, 1997-NMSC-006 ¶19, 122 N.M. 777, 783, 932 P.2d 1, 7.  New Mexico has adopted the interstitial approach in interpreting New Mexico constitutional provisions which echo federal constitutional provisions.  Id. at ¶21.  Under the interstitial approach, broader protections under the New Mexico Constitution than the federal Constitution may lie where the New Mexico courts have found the federal analysis unpersuasive because the analysis is "flawed or because of distinctive state characteristics [or] undeveloped federal analogs."  Id. at ¶20 (internal citations omitted); see id. at ¶19 (In applying New Mexico constitutional law, a court "may diverge from federal precedent for three reasons:  a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics."); see also New Mexico v. Cardenas-Alvarez, 2001-NMSC-017 ¶14, 130 N.M. 386, __, 25 P.3d 225, 230.

      Article II, Section 10 affords broader protection against unreasonable searches and seizures than its federal Fourth Amendment counterpart.  Cardenas-Alvarez, 2001-NMSC-017 at ¶12, 130 N.M. at __, 25 P.3d at 230; Gomez, 1997-NMSC-006 at ¶24, 122 N.M. at 784, 932 P.2d at 8.  However, the Court could find no established New Mexico law interpreting Article II, Section 10 more expansively than the Fourth Amendment in the context of convicted prisoners or the physical restraint of prisoners.  Cf. Cardenas-Alvarez, 2001-NMSC-017 at ¶12, 130 N.M. at __, 25 P.3d at 230 (collecting cases in which Article II, Section 10 interpreted more broadly than Fourth Amendment); id. ¶¶14-16, 130 N.M. at __, 25 P.3d at 230-31 (Article II, Section II provides extra layer of protection from search and seizures involving automobiles and motorists); Gomez, 1997-NMSC-006 at ¶36, 122 N.M. at 787, 932 P.2d at 11 (Article II, Section 10 interpreted to express "strong preference for warrants").  Furthermore, the Court has no other basis to conclude that the federal analysis is flawed, that structural differences exist between the state and federal governments, or that distinctive state characteristics exist.  In the context of this case, therefore, the Court concludes that no independent meaning may be given to the protections provided inmates by Article

II, Section 10 and that Fourth Amendment law governs. Consequently, Count 3 will be dismissed as to Defendant TransCor.

**C. Count 2**

In Count 2 (violations of the right to be free of cruel and unusual punishment), Plaintiff alleges Defendant TransCor inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment of the United States Constitution, 42 U.S.C. § 1983, and Article II, Section 13, of the New Mexico Constitution. Defendant TransCor asserts that Plaintiff, as a matter of law, has failed to state a claim because (1) there is no allegation that it acted under color of state law, (2) a 72-hour transport in restraints is insufficient to constitute an Eighth Amendment claim, and (3) there is no allegation that Plaintiff's transport presented an excessive risk to Plaintiff's health or safety. The Court already has concluded that it can reasonably be inferred from Plaintiff's allegations that Defendant TransCor acted under color of state law when it transported Plaintiff in restraints from a Virginia prison to a New Mexico prison. Thus, it will address here only Defendant TransCor's last two contentions.

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991) (internal citation omitted). The unnecessary and wanton infliction of pain is incompatible with, and repugnant to, a civilized society. Hudson v. McMillian, 503 U.S. 1, 10 (1992). A prison official, or similarly empowered person, violates the Eighth Amendment when he acts deliberately and indifferently to the serious present or future health or safety needs of a prisoner in his custody or care. Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). To constitute "deliberate indifference," the alleged deprivation or pain must be, objectively, sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Additionally, the offending official must have known of the substantial risk of serious harm to the prisoner's health or safety his act or failure to act would cause and must have disregarded that risk. Id. at 836-37.

7

Plaintiff has sufficiently alleged, for purposes of a Rule 12(b)(6) motion to dismiss, that Defendant TransCor's physical restraint of him during the entirety of the more than 72-hour van trip violated his Eighth Amendment rights. Denial of movement and infliction of pain upon movement for an extended period of time seriously harms the well-being of a prisoner and places him at risk for further harm. Cf. Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 810 (10th Cir. 1999) (denial of exercise violates Eighth Amendment); Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994) (same). Plaintiff also alleges he was restrained in the manner and for the duration described above for the purpose of inflicting physical and psychological harm and without any penological justification. Taking Plaintiff's allegations as true, Defendant TransCor's restraint practices went beyond what was necessary or acceptable. While the penological interest of Defendant TransCor in ensuring the security of Plaintiff during the three-day transport is "obvious," Def. TransCor's Supp. Br. at 8, the constitutionality of Defendant TransCor's method of protecting this interest is not. Defendant TransCor provides no specific penological explanation for such alleged inhumane treatment/condition of confinement and states no reason why it did not use humane alternative methods of ensuring the security of Plaintiff, a minimum security prisoner, during the three-day transport. Furthermore, it can be inferred from the facts alleged that Defendant TransCor knew of the risk of harm to Plaintiff, given the alleged nonpenological rationale for the restraints or the obviousness of the risk, Farmer, 511 U.S. at 842-43, but failed "to take reasonable measures to abate it," id. at 847.[5] Therefore, Defendant TransCor's motion to dismiss Count 2 will be denied.

---

[5] While Defendant TransCor argues that Count 2 should be dismissed, it did not specifically brief the issue of Plaintiff's claim in Count 2 for violation of Article II, Section 13, of the New Mexico Constitution. Given the viability of Plaintiff's Eighth Amendment claim in Count 2, however, the Court need not address any additional Article II, Section 13 protections Plaintiff may have. Cardenas-Alvarez, 2001-NMSC-017 ¶7, 130 N.M. at __, 25 P.3d at 228 ("If the federal Constitution affords Defendant the protection he seeks, we will not examine his state constitutional claim."); Gomez, 1997-NMSC-006 ¶18, 122 N.M. at 783, 932 P.2d at 7 ("Under the [adopted] interstitial approach, the court asks first whether the right being asserted is protected under the federal constitution. If it is, then the state constitutional claim is not reached. If it is not, then the state constitution is examined.").

**IT IS THEREFORE ORDERED THAT** Defendant TransCor's Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(B)(6) Fed.R.Civ.Proc., filed December 17, 2001, [Doc. No. 45], is:   1. granted as to Counts 1, 3, 4, 5, 6 and 7 which are dismissed with prejudice as to Defendant TransCor; and

2.	denied as Count 2.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Paul Livingston, Placitas, N.M.

Counsel for Defendant TransCor: Tila F. Hoffman, TILA FLEMING HOFFMAN, P.C., Albuquerque, N.M.